MEMORANDUM **
As the master of the complaint, French chose to sue on the basis of his alleged *575 contract with Heschong. That another remedy may have existed in the Collective Bargaining Agreement (“CBA”) does not support complete federal preemption. Livadas v. Bradshaw, 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 98 (1994). Nor does the “bare fact that a collective-bargaining agreement will be consulted” have preemptive force. Id. at 124, 114 S.Ct. 2068.
French alleges four tort claims against Davis and Brace. Resolution of none of these claims requires application or interpretation of the CBA between French’s union and Beachwood Services. Federal jurisdiction was therefore lacking. The case must be returned to the state court where it properly began and belongs. Accordingly, the judgment of the district court is REVERSED and the case is REMANDED with direction to return it to the Los Angeles Superior Court where it began.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.